United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELICIA N. JONES, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-00589 |
| § | |
| WOODFOREST NATIONAL BANK, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

On November 29, 2021, pro se plaintiff Felicia Jones filed this lawsuit against Defendant Woodforest National Bank in the 127th Judicial District Court of Harris County, Texas. (Dkt. 1-1 at p. 7). More than two years later, Jones served Woodforest with process, and Woodforest removed the lawsuit to this Court. (Dkt. 1 at p. 2).

On May 19, 2014, the 412th Judicial District Court of Brazoria County, Texas issued a prefiling order requiring Jones to seek permission before initiating litigation in Texas state courts. *See Jones. v. Louis Vuitton*, *et al.*, No. 75486-CV (412th Dist. Ct., Brazoria County, Tex. May 19, 2014); *see also* (Dkt. 3-1 at p. 1). Likewise, prior to filing this lawsuit, Jones was also ordered to seek leave before submitting any filings in the United States District Court for the Southern District of Texas. *See Jones v. The United States Postal Service*, C.A. No. 4:11-cv-566 (S.D. Tex. Aug. 13, 2012); *see also* (Dkt. 3-2). Jones did not seek preauthorization before pursuing the instant litigation.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995),

"district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants," *Ruston v. Dallas Cnty., Tex.*, No. 3:07-CV-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008). It is "obvious" that "one district court may enforce another's sanctions." *Dominguez v. Scott*, 265 F.3d 1058, 2001 WL 872771, at *2 (5th Cir. July 5, 2001). Because a district court enforcing another district court's sanctions is "not imposing any new sanction … there [is] no need to warn [the plaintiff] or allow him to challenge the sanction." *Sparkman v. Charles Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2009).

Here, Jones has been sanctioned and is required to seek leave to utilize the judicial systems in both the State of Texas and the Southern District of Texas. Nevertheless, she failed to do so. As such, the Court will honor the sanctions previously imposed against Jones and prevent additional litigation without her first obtaining leave of court.

For the foregoing reasons, this action is **DISMISSED** on the basis of the sanction order imposed by the 412th Judicial District Court of Brazoria County, Texas in Cause No. 75486-CV. Further, the Court reiterates that Jones is **BARRED** from filing future actions in the Southern District of Texas without first obtaining leave of the court, and that any case filed, removed, or transferred without an application seeking leave to file shall not be reviewed.

SIGNED at Houston, Texas on March 19, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE